CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

January 02, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

# ShIN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE  DIVISION

| | | |
|---|---|---|
| **JULLIAN A. HUFFMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00493 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NURSE PRACTITIONER CRYSTAL** | ) | JUDGE JAMES P. JONES |
| **LARGE, ET AL.,** | ) | |
| Defendants. | ) | |
| | ) | |

*Jullian A. Huffman, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that jail medical staff have refused his requests for treatment for gender dysphoria.  Huffman has also submitted a separate filing that the court construed and docketed as a motion seeking interlocutory injunctive relief on this issue.  After review of the record, I will deny this motion.

The Complaint alleges the following brief allegations:

> On June 20th of 2024, [Huffman saw] Nurse Practitioner Crystal Large about Gender Dysphoria treatments and possibly Gender-affirming surgery but she denied to treat [him] for Gender Dysphoria. Her reason was because "[he] had facial har [sic], so [he was] apparently a male."

> On June 20th of 2024, Nurse Practitioner Crystal Large refer[r]ed [Huffman] to the Psychiatrist to talk about treatment options for Gender Dysphoria.

On July 2nd of 2024, [Huffman saw] the Psychiatrist, Dr. Shah, about getting treatment for Gender Dysphoria and he had also denied to treat [Huffman].

Compl. 2-3, ECF No. 1.  Huffman names Large and Shah as defendants, seeking a court order for Gender Dysphoria treatment.

In the motion seeking interlocutory relief, Huffman contends that the court should order Large and Shah to show cause why they should not be enjoined from denying him "treatment of Gender Dysphoria which is causing depression and severe anxiety."  Mot. 1-2, ECF No. 5.  Huffman states that he has verbally notified the defendants that he is seeking interlocutory relief to obtain such treatment.

"A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit."  *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).  A party seeking a preliminary injunction must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied.  *Id.*

Huffman's motion does not satisfy the first and second of the four factors of the *Winter* test — that he is likely to succeed on the merits of his claim that the defendants have violated his constitutional rights by denying him treatment for

gender dysphoria, or that he is likely to suffer irreparable harm from their actions without court intervention. "Society does not expect," nor does the Eighth Amendment require, that inmates have "unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Rather, only "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" that violates constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). Thus, the prisoner plaintiff must show that, objectively, he was suffering from a serious medical need and, subjectively, the prison staff was aware of the need for medical attention but failed to respond reasonably to that need. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

In this case, the only evidence that Huffman has presented regarding his need for gender dysphoria treatment is his own self-diagnosis and requests to staff. He has not alleged that any qualified medical professional has diagnosed him with this condition or ordered any treatment related to it. Moreover, while Large did not order treatment at Huffman's request, she referred him for a psychiatric assessment of his condition and potential need for treatment. I cannot find that her response was unreasonable under the circumstances. Dr. Shah, the psychiatrist, denied Huffman's demand for gender dysphoria treatment that Huffman believes is needed. However, such a mere disagreement between a medical provider and a patient about the appropriate course of medical care does not support a finding that the provider acted

with deliberate indifference, as required to state a constitutional claim.  *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished).

On the few facts provided and available precedent, I cannot find that Huffman is entitled to the extraordinary relief he seeks.  In short, he does not clearly establish a likelihood of success on the merits of his claims of denial of appropriate medical care, nor does he show a likelihood that he will suffer irreparable harm in the absence of the requested court intervention.

For the stated reasons, I cannot find that Huffman has clearly demonstrated facts supporting all four factors required to warrant the preliminary injunction for which he has moved.  Thus, it is **ORDERED** that his motion, ECF No. 5, is DENIED.

ENTER:  January 2, 2025

/s/  JAMES P. JONES
Senior United States District Judge