CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JULLIAN A. HUFFMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00493 |
| | ) | |
| v. | ) | |
| | ) | |
| **NURSE PRACITIONER CRYSTAL LARGE, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **JULLIAN A. HUFFMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00595 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JILL PEARCE, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Jullian A. Huffman, Pro Se Plaintiff; and Taylor D. Brewer,* MORAN REEVES CONN, *Richmond, Virginia, for Defendants.*

The plaintiff, a Virginia inmate proceeding pro se, filed these two civil rights action under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by denying him treatment for gender dysphoria. By Order entered January 14, 2025, the Court consolidated the cases, with No. 7:25CV00493 as the lead case for future filings. Thereafter, the defendants filed a Motion to

Dismiss both cases.  The Court mailed a Notice advising Huffman that before ruling on the Motion to Dismiss, the Court would give him twenty-one days to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding the defendants' argument and/or evidence.  The Notice warned Huffman that if he did not respond to the motion, the Court would assume that he had lost interest in the cases or that he agrees with the defendants' arguments for dismissal.  The Notice advised Huffman that if he wished to continue with the case, it was "necessary that [he] respond in an appropriate fashion," or the Court might "dismiss the case for failure to prosecute."  Notice, ECF No. 28.

The record reflects that Huffman's response to the defendants' Motion to Dismiss was due to be filed on or before February 28, 2025.  That deadline has come and gone, with no response or other communication from Huffman.  Therefore, I conclude that dismissal of the action, the consequence of which the court's Notice warned Huffman, is warranted.  For the reasons stated, it is hereby **ORDERED** that these consolidated actions are DISMISSED WITHOUT PREJUDICE, based on the plaintiff's failure to prosecute, by failing to respond to the defendants' dispositive motion by the deadline imposed by the court; and the Clerk shall close the case.

ENTER:  March 6, 2025

/s/  JAMES P. JONES
Senior United States District Judge